**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| BRIDGET DALE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: **2:05-CV-1179-T** |
| | ) |
| v. | ) |
| | ) |
| MICHAEL W. WYNNE, | ) |
| Secretary of the Air Force | ) |
| | ) |
| Defendant | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Now comes Defendant, Michael W. Wynne, Secretary of the United States Air Force, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent she has failed to timely and fully exhaust the mandatory administrative remedies applicable to Title VII claims asserted by federal-sector employees.

**FOURTH DEFENSE**

Defendant denies the allegations of discrimination in Plaintiff's Complaint and demands strict proof of all matters contained therein.

**FIFTH DEFENSE**

Any actions taken with respect to Plaintiff, or her employment, were taken for legitimate, non-discriminatory reasons, in good faith, and, as such, did not violate any legal rights possessed by her.

**SIXTH DEFENSE**

Defendant exercises reasonable care to prevent and promptly correct any unlawful harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to otherwise avoid harm.

**SEVENTH DEFENSE**

Plaintiff has failed to mitigate her damages, her entitlement to which is expressly denied.

**EIGHTH DEFENSE**

Some, or all, of Plaintiff's claims may be barred by the statute of limitations or the doctrines of accord and satisfaction, after-acquired evidence, estoppel, justification, laches, unclean hands, or waiver.

**NINTH DEFENSE**

Plaintiff's claims are barred as the result of her voluntary resignation from employment with Defendant.

## TENTH DEFENSE

Defendant reserves the right to assert further affirmative defenses, as they become evident through discovery or investigation.

## ELEVENTH DEFENSE

NOW, having set forth certain of its defenses herein, Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES

1.

Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff is over the age of nineteen years. Answering further, Defendant is without sufficient knowledge to admit or deny the allegations regarding Plaintiff's state of residence.

2.

Defendant admits the allegations in Paragraph 2 of the complaint.

## JURISDICTION AND VENUE

3.

Answering Paragraph 3 of the Complaint, Defendant admits that venue is proper, that Plaintiff's complaint alleges certain conduct occurred in Montgomery County, Alabama, and that Defendant has offices in and conducts business in Montgomery County, Alabama. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 3 of the Complaint.

4.

Answering Paragraph 4 of the Complaint, Defendant avers that Plaintiff purports to bring this action for alleged disability discrimination and retaliation pursuant to the

Rehabilitation Act of 1973, 29 U.S.C. § 791 et. seq. Answering further, Defendant avers that the Court has subject matter jurisdiction over Rehabilitation Act cases pursuant to 28 U.S.C. § 1331. Answering further, Defendant denies that the Americans with Disabilities Act applies to Defendant. Answering further, Defendant denies that Defendant has violated any laws or caused Plaintiff any damages or that Plaintiff is entitled to any relief whatsoever. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 4 of the Complaint.

## FACTS

5.

Answering the allegations in Paragraph 5 of the Complaint, Defendant denies that Plaintiff has worked for the Air Force for 29 years. Answering further, Defendant avers that Plaintiff was formerly employed as a non-appropriated fund (NAF) employee for the Air Force Services Agency from approximately May 1974 through July 1982 when she resigned due to various disputes with management. Plaintiff accepted another NAF position later in July 1982 and held that and other various NAF positions until April 1990, at which time Plaintiff accepted a civil service position. Since April 1990, Plaintiff has been a civil service employee at various locations and accepted a GS-0301-12 position, Business Operations Flight Chief, at Maxwell AFB on June 18, 2000. Answering further, Defendant denies that Plaintiff was forced to resign. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 5 of the Complaint.

6.

Answering Paragraph 6 of the Complaint, Defendant is without sufficient information to admit or deny all of Plaintiff's statements regarding her performance appraisals because official records are only available dating back to 1994. As to Plaintiff's appraisals from June 1994 through June 2001, Defendant admits Plaintiff's statements are accurate. Answering further, Defendant avers that Plaintiff's appraisal for June 2002 does not include an overall performance rating or a performance award. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.

Answering Paragraph 7 of the Complaint, Defendant admits that Lt. Col. Sykes said at a staff meeting in June 2002 that it was unacceptable for any Air Force personnel to be complacent or "fat, dumb and happy." Answering further, Defendant denies that this common expression had anything to do with Plaintiff, her weight, or any discriminatory animus. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 7 of the Complaint.

8.

Answering Paragraph 8 of the Complaint, Defendant admits that Mr. Paul Lewis was appointed to be the General Manager of Club Operations. Answering further, Defendant avers that the appointment had no direct impact on Plaintiff's position. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 8 of the Complaint.

9.

Answering Paragraph 9 of the Complaint, Defendant admits that Lt. Col. Sykes stopped a swap of positions between Plaintiff and an employee at Randolph AFB, Texas, after determining that the individual at Randolph AFB did not have positive references. Answering further, Defendant also admits that Lt. Col. Sykes has stated that she was not willing to replace one incompetent Business Operations Flight Chief with another. Answering further, Defendant denies that this statement has anything to do with Plaintiff's weight or any form of discriminatory animus. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 9 of the Complaint.

10.

Answering Paragraph 10 of the Complaint, Defendant admits that Lt. Col. Sykes would occasionally speak to Plaintiff's subordinates in order to obtain information about specific projects an employee was working on. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 10 of the Complaint.

11.

Answering Paragraph 11 of the Complaint, Defendant admits that Plaintiff filed administrative complaints with the EEOC. Answering further, Defendant avers that those documents, and the dates they were filed, speak for themselves. Answering further, Defendant avers that Plaintiff's precise height and weight at any given time is unknown to Defendant. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 11 of the Complaint.

12.

Answering Paragraph 12 of the Complaint, Defendant admits that Plaintiff was on sick leave for various physical and mental ailments from June 13, 2002, until January 13, 2003. Answering further, Defendant admits that when Plaintiff returned to work in January 2003, Major Wilson had replaced Plaintiff's former supervisor. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 12 of the Complaint.

13.

Answering Paragraph 13 of the Complaint, Defendant admits that Major Wilson asked Plaintiff not to make any personnel changes in the Clubs at Maxwell AFB for 90 days because employees in the Clubs had recently been removed for financial reasons under Business Based Actions. Answering further, Defendant avers that Major Wilson made no statements about Plaintiff making changes in other activities. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 13 of the Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.

Answering Paragraph 19 of the Complaint, Defendant admits that Plaintiff and Major Wilson had never met until January 13, 2003. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 19 of the Complaint.

20.

Answering Paragraph 20 of the Complaint, Defendant denies that Plaintiff had to work in a hostile environment. Answering further, Defendant is without sufficient knowledge to admit or deny allegations regarding Plaintiff's mental health status and counseling efforts.

21.

Answering Paragraph 21 of the Complaint, Defendant admits that in May 2003, Plaintiff resigned her position. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 21 of the Complaint.

22.

Answering Paragraph 22 of the Complaint, Defendant admits that Plaintiff had a hearing before an administrative law judge with the Equal Employment Opportunity Commission, had a right to file a civil action, and filed this lawsuit in this Court. Answering further, Defendant states that whether Plaintiff has exhausted her mandatory administrative remedies is a legal issue not subject to admission or denial in an Answer. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 22 of the Complaint.

23.

Answering Paragraph 23 of the Complaint, Defendant avers that the EEOC issued a decision on August 31, 2005 affirming the agency's final order. Answering further, Defendant states that the content of the EEOC decision speaks for itself. Answering further, Defendant states that whether Plaintiff's lawsuit is timely is a legal issue not subject to admission or denial. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 23 of the Complaint.

## COUNT I, DISABILITY DISCRIMINATION

24.

Answering Paragraph 24 of the Complaint, Defendant realleges and reasserts his responses to Plaintiff's Complaint contained in Paragraphs 1 through 23 above as if fully set forth verbatim herein.

25.

Answering Paragraph 25 of the Complaint, Defendant avers that the text of the Rehabilitation Act of 1973 speaks for itself. Answering further, Defendant avers that this is a statement of law that is not subject to admission or denial in an Answer.

26.

Answering Paragraph 26 of the Complaint, Defendant avers that the text of the Americans with Disabilities Act speaks for itself. Answering further, Defendant avers that this is a statement of law that is not subject to admission or denial in an Answer.

27.

Defendant denies the allegations in Paragraph 27 of the Complaint.

28.

Defendant denies the allegations in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations in Paragraph 32 of the Complaint.

## PRAYER FOR RELIEF

Answering the unnumbered Prayer for Relief Paragraph which immediately follows Paragraph 32 of the Complaint, including subparts (a) through (f), Defendant denies each and every allegation contained therein and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

## COUNT II, RETALIATION

33.

Answering Paragraph 33 of the Complaint, Defendant realleges and reasserts his responses to Plaintiff's Complaint contained in Paragraphs 1 through 32 above as if fully set forth verbatim herein.

34.

Answering Paragraph 34 of the Complaint, Defendant avers that the text of 42 U.S.C. § 12203(a) speaks for itself. Answering further, Defendant avers that this is a statement of law that is not subject to admission or denial in an Answer.

35.

Defendant admits the allegations of Paragraph 35 of the Complaint.

36.

Defendant denies the allegations of Paragraph 36 of the Complaint.

37.

Defendant denies the allegations of Paragraph 37 of the Complaint.

38.

Defendant denies the allegations of Paragraph 38 of the Complaint.

39.

Defendant denies the allegations of Paragraph 39 of the Complaint.

40.

Defendant denies the allegations of Paragraph 40 of the Complaint.

41.

Defendant denies the allegations of Paragraph 41 of the Complaint.

42.

Defendant denies the allegations of Paragraph 42 of the Complaint.

43.

Defendant denies the allegations of Paragraph 43 of the Complaint.

44.

Defendant denies the allegations of Paragraph 44 of the Complaint.

45.

Defendant denies the allegations of Paragraph 45 of the Complaint.

46.

Defendant denies the allegations of Paragraph 46 of the Complaint.

**PRAYER FOR RELIEF**

Answering the unnumbered Prayer for Relief Paragraph which immediately follows Paragraph 46 of the Complaint, including subparts (a) through (g), Defendant denies each and every allegation contained therein and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

47.

Defendant denies each and every allegation of Plaintiff's Complaint not expressly admitted in the preceding paragraphs of this Answer.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant requests that the Court enter an Order dismissing the Complaint in its entirety with prejudice, award Defendant costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

          Respectfully submitted,

          LEURA G. CANARY
          United States Attorney

By:    s/James J. DuBois
       JAMES J. DUBOIS
       Assistant United States Attorney
       Georgia Bar No. 231445
       United States Attorney's Office
       Post Office Box 197
       Montgomery, AL 36101-0197
       Telephone: (334) 223-7280
       Facsimile: (334) 223-7418
       E-mail: james.dubois2@usdoj.gov

Of Counsel: Major Arthur G. Kirkpatrick
General Litigation Division, Employment Litigation Branch
Air Force Legal Services Agency
1501 Wilson Blvd., 7th Floor
Arlington, Virginia 22209
703-696-9123

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Joseph C. Guillott, Esq.

          s/James J. DuBois
          Assistant United States Attorney