# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRIDGET DALE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    v. ) | Civil Action No.:**2:05-CV-1179-MHT** |
| ) | |
| MICHAEL W. WYNNE, ) | |
| SECRETARY OF THE AIR FORCE, ) | |
| ) | |
|    Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Come now the defendant, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and replies to the plaintiff's response to the defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgement, as follows:

*I.   STATEMENT OF FACTS*

Unless otherwise indicated, the defendant adopts and incorporates by reference, as if fully set forth herein, the statement of facts and factual averments contained in its memorandum brief in support of its motion to dismiss, or in the alternative, for summary judgment that was filed in this cause on January 5, 2007.

*II.   THE PLEADINGS*

In its Motion to Dismiss, or in the alternative, for Summary Judgment, the defendant has asserted that the plaintiff's claims of hostile environment discrimination in violation of the Rehabilitation Act are due to be dismissed. More particularly the

defendant has asserted his entitlement to summary judgment because:

- A) the plaintiff cannot demonstrate a prima facie case of discrimination in violation of the Rehabilitation Act because,

    - (1) she cannot demonstrate she was regarded as having an impairment covered by the Act, and/or,

    - (2) she cannot demonstrate that she was perceived to be substantially limited in her ability to perform a major life activity;

- B) the plaintiff cannot establish a prima facie case of hostile environment discrimination under the Rehabilitation Act because,

    - (1) she cannot demonstrate that she was subjected to unwelcome harassment on the basis of her alleged disability because she did not belong to a protected group, and/or,

    - (2) she cannot demonstrate that she was subjected to a hostile environment based on her perceived disability as she cannot demonstrate that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment;.

- C) the plaintiff cannot demonstrate a prima facie case of a hostile work environment based upon retaliation,

    - (1) the plaintiff cannot demonstrate an adverse action, and/or;

    - (2) the plaintiff cannot demonstrate a causal link between the protected expression and the adverse action,

- D) the plaintiff's claim of constructive discharge is due to be dismissed for her failure to administratively exhaust same, and/or

- E) the plaintiff's claims of constructive discharge, even if properly exhausted must fail because the plaintiff cannot demonstrate that her working conditions were "so intolerable that a reasonable person in her position would have been compelled to resign."

The plaintiff filed her response to the defendant's Motion to Dismiss, or in the alternative, for Summary Judgment on January 26, 2007. The plaintiff's response fails to demonstrate the existence of any genuine issue as to any material fact on any of her claims and/or that she properly exhausted each and every claim. On this basis, as well as the law and facts as discussed in the defendant's memorandum brief in support of its motion to dismiss, or in the alternative, for summary judgment, as well as those to follow herein, the defendant is entitled to a grant of summary judgment as to each and every claim with the costs of the litigation taxed to the plaintiff.

### III.   *ARGUMENTS AND CITATIONS OF AUTHORITY*

"[G]iven the ease of pleading cases of discrimination, plaintiffs seeking to avoid summary judgment should be strictly held to the requirements of Rule 56(e); the plaintiff must present specific nonconclusory facts that would support a jury verdict against the particular defendant on discriminatory intent." Ratliff v. Dekalb County Georgia, 62 F.3d 338, 314, (11th Cir. 1995), *citing*, Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir.1995).

Rule 56 (e) of the Federal Rules of Civil Procedure:

> requires Plaintiff to 'set forth *specific facts* showing there is a genuine issue for trial.' FED. R. CIV. P. 56(e) (emphasis added). Plaintiff may not merely rest on his pleadings and survive summary judgment. Id. [Celotex, 477 U.S. at 323, 106 S.Ct. 2548; Fitzpatrick, 2 F.3d at 1115- 1116.] Moreover, '[s]ummary judgment cannot be avoided ... based on hunches unsupported with significant probative evidence.' Raney v. Vinson Guard Service, Inc., 120 F.3d 1192, 1198

>  (11th Cir.1997). In other words, a plaintiff cannot interpose genuine issues of material fact with 'a mere inference based on speculation and conjecture.' Lowie v. Raymark Ind., 676 F.Supp. 1214, 1216 (S.D.Ga.1987).

Kennedy v. Kelly Temporary Services, Inc., 95 F.Supp.2d 1288, 1293 (M.D. Al. 2000). "'This court has consistently held that conclusory allegations without specific supporting facts have no probative value.' *See,* Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir.1985)." Leigh v. Warner Brothers, Inc., 212 F.3d 1210, 1218 (11th Cir. 2000). At this stage, the plaintiff, " must present concrete evidence in the form of specific facts, not just conclusory allegations and assertions." See Earley v. Champion Internat'l Corp., 907 F.2d 1077, 1081 (11th Cir.1990). After all, "'[d]iscrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent.' Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1262 (11th Cir.2001)." Walker, 286 F.3d at 1274.

Finally, "'a mere scintilla of evidence does not create a jury question'; instead, 'there must be a substantial conflict in evidence to support a jury question.'" Carruthers v. BSA Advertising, 357 F.3d 1213, 1215 (11th Cir. 2004), *quoting*, Williams v. Motorola, Inc., 303 F.3d 1284, 1290 (11th Cir.2002). Put another way, "[t]o avoid summary judgment, the nonmoving party 'must do more than show that there is some metaphysical doubt as to the material facts.'"Carter v. Lurleen B. Wallace Jr. College, 173 F.Supp.2d 1204, 1208 (M.D. Ala. 2001), *quoting,* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### A) The plaintiff has not produced substantial evidence of a prima facie case of discrimination in violation of the Rehabilitation Act

To survive summary judgment, the plaintiff must provide evidence that supports an inference that the employer regarded her as: 1) as having an impairment covered by the Rehabilitation Act; and 2) that the impairment substantially limited a major life activity. Therefore, in the instant case, the plaintiff must demonstrate that Lt Col Sykes perceived the plaintiff "as having an impairment [covered by the Rehabilitation Act] that substantially limit[ed] a major life activity." *See,* Collado v. United Parcel Service, Inc., 419 F.3d 1143, 1157, *citing,* Hilburn v. Murata Elecs. N. Am., 181 F.3d 1220, 1230 (11th Cir. 1999); Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1327 (11th Cir. 1998).[1]

#### (1) The plaintiff has not produced substantial evidence to create a genuine issue as to whether she was regarded as having an impairment covered by the Rehabilitation Act.

The plaintiff has not responded to the defendant's arguments that she cannot demonstrate Lt. Col. Sykes perceived her to have an impairment covered by the Rehabilitation Act. *See*, Defendant's Memorandum in Support of its Motion for Summary Judgment, § IV(B)(1). Having failed to present any evidence, much less, "***substantial*** evidence that the employer regarded h[er] as having a permanent or long-term impairment," the defendant is entitled to summary judgment on the plaintiff's

---

[1] Discrimination claims under the Rehabilitation Act are governed by the same standards as Americans with Disabilities Act claims. Cash v.Smith, 231 F. 3d 1301, 1305 (11th Cir. 2000). Thus, "[c]ases decided under the Rehabilitation Act are precedent for cases under the ADA, and *vice-versa*." Cash, 231 F. 3d at 1305 n.2 (11th Cir. 2000).

claims of discrimination on this basis alone.  Sutton v. Lader, 185 F.3d 1203, 1207 (11th Cir. 1999), *citing,* Gordon v. E.L. Hamm & Assocs., Inc., 100 F.3d 907, 912-13 (11th Cir.1996) (emphasis added).

> **(2)   The plaintiff has not produced substantial evidence to create a genuine issue as to whether she was perceived to be substantially limited in her ability to perform a major life activity;**

In her response, the plaintiff has offered nothing more than conclusory, unsubstantiated hunches that Lt. Col. Sykes regarded her as disabled within the meaning of the Rehabilitation Act.  Particularly, she has failed to create a genuine issue of fact as to whether Lt. Col. Sykes regarded her as being substantially limited in the major life activity of working.

The Eleventh Circuit Court of Appeals has stated:

> In order for Carruthers to establish that BSA regarded her as substantially limited in the major life activity of working, she must show that BSA perceived her as "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." 29 C.F.R. § 1630.2(j)(3)(I);  *see also* Sutton v. United Air Lines, Inc.*,* 527 U.S. 471, 491, 119 S.Ct. 2139, 2151, 144 L.Ed.2d 450 (1999) ("When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs."). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(I). Thus, an impairment must preclude-or at least be perceived to preclude-an individual from more than one type of job, even if the job foreclosed is the individual's job of choice. *See* Sutton*,* 527 U.S. at 492, 119 S.Ct. at 2151.

Carruthers, 357 F.3d at 1216. Therefore, the plaintiff, "must present concrete evidence in the form of specific facts, not just conclusory allegations and assertions," from which one could infer Lt. Col. Sykes regarded her as substantially limited in her ability to work "in a broad class of jobs," not just one type of job. Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1327 n. 2 (11th Cir.1998).

In support of her position that Lt. Col. Sykes regarded as unable to "work in a broad class of jobs," the plaintiff cites to various incidents involving the position she held and states, "[a]ll of these examples show that Lt. Col. Sykes considered Ms. Dale to be unable to perform her job, but also it is very likely she would have considered Ms. Dale to be incapable of performing a range of jobs." *See,* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment, ¶ 37, pp. 11-12. The plaintiff goes on to state, "[m]ost manager positions require competency in business management, training employees, and communication," . . . "Sykes [belief] Ms. Dale was incompetent in these functions would also apply to a range of jobs," . . . " [t]hus Lt. Col. Sykes regarded Ms. Dale as disabled with regard to a range of jobs, not just her position as Business Flight Chief."

As previously noted, "'a plaintiff cannot interpose genuine issues of material fact with 'a mere inference based on speculation and conjecture.'" Kennedy v. Kelly Temporary Services, Inc., 95 F.Supp.2d 1288, 1293 (M.D. Al. 2000)*, quoting*, Lowie v. Raymark Ind.*,* 676 F.Supp. 1214, 1216 (S.D.Ga.1987). The plaintiff is attempting to

create a genuine issue of fact on the basis of nothing more when she asserts that "it is very likely [Lt. Col. Sykes] would have considered Ms. Dale to be incapable of performing a range of jobs." The record is void of any concrete evidence upon which it could reasonably be inferred that Lt. Col. Sykes regarded the plaintiff as unable to perform a broad class of jobs. While Lt. Col. Sykes may have considered the plaintiff to be less than capable in performing all the tasks associated with her position, there is no evidence that she perceived the plaintiff as "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." The defendant is entitled to a grant of summary judgment on this claim.

> **B)** **The plaintiff has not produced substantial evidence to create a prima facie case of hostile environment discrimination under the Rehabilitation Act.**

In order to establish a successful hostile work environment claim, the plaintiff must show "1) that he belongs to a protected group; 2) that he has been subject to unwelcome harassment; 3) that the harassment must have been based on a protected characteristic of the employee, . . . ; 4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and 5) that the employer is responsible for such environment . . ." Miller v. Kenworth of Dothan, Inc, 277 F.3d 1269, 1275 (11th Cir. 2002). The plaintiff's response does little more than repeat the allegations of her

pleadings, thus she offers little, if any, additional factual support for her claims.

To survive summary judgment on a hostile environment claim, a plaintiff must produce enough evidence that a reasonable fact-finder could find that his workplace was permeated with "discriminatory intimidation, ridicule, and insult ... sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986). "Isolated and innocuous incidents, even if intentional, will not support a hostile environment claim and are not counted." Stedman v. Bizmart, Inc., 219 F.Supp.2d 1212, 1223 (N.D. Ala. 2002).

The stringent requirements for such claims are necessary because the anti-discrimination laws are not intended to be a workplace civility code. *See, e.g.,* Faragher v. City of Boca Raton, 524 U.S. 775, 786-88 (1998) (explaining that federal employment law creates no "general civility code."); Oncale v. Sundowner Offshore Servs. Inc., 523 U.S. 75 (1998) (noting that "simple teasing" in the workplace insufficient to support harassment claim). "As Judge Posner has aptly written, the law distinguishes between non-actionable behavior and true hostile environment harassment: '[t]he concept of . . . harassment is designed to protect working [individuals] from the kind of . . . attention that can make the workplace hellish . . . [i]t is not designed to purge the workplace of vulgarity.'" Rio v. Runyon, 972 F.Supp. 1446 (S.D. Fla.,1997), *quoting,* Baskerville v. Culligan Int'l Co., 50 F.3d 428, 430 (7th Cir.1995). Finally, [a] personality conflict doesn't ripen into [a disability discrimination] claim simply because one of the parties has

a disability." Uhl v. Zalk Josephs Fabricators, Inc., 121 F.3d 1133, 1137 (7th Cir. 1997).

> **(1)  The plaintiff has failed to produce substantial evidence that she was subjected to a hostile environment based on her perceived disability as she has not demonstrated that she belonged to a protected group.**

Because the plaintiff failed to establish that she is a qualified individual with a disability under the Rehabilitation Act, she has not established that she is a member of a protected group. Thus, she cannot meet the first and third prongs of a prima facie case of disability-based hostile environment. For this reason alone, the defendant is entitled to summary judgment on this claim.

> **(2)  The plaintiff has failed to produce substantial evidence that the alleged harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create a discriminatorily abusive working environment.**

"Establishing that harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment includes a subjective and an objective component." Harris v. Forklift Sys. Inc., 510 U.S. 17, 21-22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). "[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 118 S.Ct. 998, 1003, 140 L.Ed.2d 201 (1998)(quoting Harris, 510 U.S. at 23). Analysis of the objective component is fact intensive. Mendoza v. Borden, 195 F.3d 1238, 1246 (11th Cir. 1999).

The factors that should be considered by the court in determining whether harassment objectively altered Plaintiff's terms or conditions of employment are: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Mendoza, 195 F.3d at 1246. "The courts should examine the conduct in context, not as isolated acts, and determine under the totality of circumstances whether the harassing conduct is sufficiently severe or pervasive to alter the terms or conditions of the plaintiff's employment and create a hostile or abusive working environment." Id.

"The demanding standards for judging abusive working environments were designed to prevent civil rights statutes from becoming 'general civility code[s],'", and "[a]pplied judiciously, these standards will 'filter out complaints attacking 'ordinary tribulations of the workplace.' " Schwertfager v. City of Boynton Beach, 42 F.Supp.2d 1347, 1366-1367, (S.D.Fla.,1999), *quoting*, *respectively,* Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 118 S.Ct. 998, 1002, 140 L.Ed.2d 201 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275, 2284, 141 L.Ed.2d 662 (1998) (quoting source omitted).

Finally, "[a]lthough the court examines the statements and conduct complained of collectively in determining whether they were sufficiently pervasive or severe to constitute disability harassment, the statements or conduct must be related to plaintiff's disability or

perceived disability." Stedman v.Bizmart, Inc., 219 F.Supp.2d 1212, 1223 (N.D.Ala.2002), *citing*, Gupta, 212 F.3d at 583. Significantly, "[i]solated and innocuous incidents, even if intentional, will not support a hostile environment claim and are not counted." Id.

The plaintiff has failed to produce substantial evidence that she was harassed on the basis of a perceived disability to such a degree that the terms and conditions of her employment were altered. The acts Plaintiff complains about do not constitute harassment under the objective standard. No single incident, combination of incidents, or the aggregate of the alleged acts complained of described herein is sufficient to constitute a hostile environment on the basis of Plaintiff's alleged protected activity.

While Plaintiff may not have liked Lt. Col. Syke's actions, there is no evidence that they were in any way related to a prohibited animus on Lt. Col. Syke's part. Similarly, the plaintiff has failed to produce substantial evidence indicating that the conduct was frequent, objectively severe, physically threatening or humiliating or a mere offensive utterance. She has likewise not produced substantial evidence that the conduct unreasonably interfered with her job performance. Lastly, the absence of any direct evidence of harassment premised on a prohibited animus, and the evidence that the plaintiff's performance problems preceded Lt. Col. Syke's arrival, suggests that, if any intentional acts were aimed at the plaintiff, they were motivated, not by a prohibited animus, but by Lt. Col. Syke's desire to correct performance deficiencies. The defendant

submits on the basis of its citations and factual averments presented herein and in its Memorandum in Support of Summary Judgment that it is entitled to a grant of summary judgment.

> C)  **The plaintiff has failed to produce substantial evidence in support of her prima facie case of a hostile work environment based upon retaliation.**
>
> (1)  **The plaintiff has failed to produce substantial evidence that the alleged harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create an retaliatorily abusive working environment.**

As with her claim of a hostile work environment claim premised upon disability, the plaintiff has failed to produce substantial evidence that she was harassed in retaliation for her protected expression to such a degree that the terms and conditions of her employment were altered. The acts Plaintiff complains about do not constitute harassment under the objective standard. No single incident, combination of incidents, or the aggregate of the alleged acts complained of described herein is sufficient to constitute a hostile environment on the basis of Plaintiff's alleged protected activity.

While Plaintiff may not have liked Maj. Wilson's actions, there is no evidence that they were in any way related to a prohibited animus on Maj. Wilson's part. The plaintiff acknowledges as much throughout her response. At paragraph 47 of her response she states, "Maj. Wilson's actions and attitudes toward Ms. Dale were totally unexplainable, absent retaliation." Continuing therein, she asserts, "[t]he only reason Ms. Dale can think of for his actions toward her is retaliation for the EEO complaint." Again, at paragraph

57, she states, [t]he only reason Ms. Dale can possibly imagine for this animosity was the fact that she filed an EEO complaint against her supervisors in the Services Division."

Similarly, the plaintiff has failed to produce substantial evidence indicating that the conduct was frequent, objectively severe, physically threatening or humiliating or a mere offensive utterance. She has likewise not produced substantial evidence that the conduct unreasonably interfered with her job performance. Lastly, the absence of any direct evidence of harassment premised on a prohibited animus, and the evidence that the plaintiff's performance problems preceded Maj. Wilson's arrival, suggests that, if any intentional acts were aimed at the plaintiff, they were motivated, not by a prohibited animus, but by Maj. Wilson's desire to correct performance deficiencies. The defendant submits on the basis of its citations and factual averments presented herein and in its Memorandum in Support of Summary Judgment that it is entitled to a grant of summary judgment.

**(2)     The plaintiff has failed to produce substantial evidence demonstrating demonstrate a causal link between the protected expression and the hostile environment.**

As previously noted, to demonstrate the requisite causal connection, a plaintiff must show that her protected activity and any subsequent actions were not completely unrelated. See Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1457 (11th Cir. 1998). This requires showing, at a minimum, that the decision-maker had knowledge of the complaints. See Strickland v. Water Works and Sewer Bd., 239 F.3d 1199, 1207-1208

(11th Cir. 2001). The plaintiff's response fails to offer substantial evidence of this causal connection. In fact, she can only offer the possibility that Maj. Wilson became aware of the plaintiff's protected expression before he met her in early January, 2003. *See,* Plaintiff's Response, ¶¶ 48 and 49.[2] Beliefs and possibilities do not amount to substantial evidence. Pace v. Capobianco, 283 F.3d 1275, 1278-1279 (11th Cir. 2002) (an affidavit stating only that the affiant "believes" a certain fact exists is insufficient to defeat summary judgment by creating a genuine issue of fact about the existence of that certain fact). The defendant submits on the basis of its citations and factual averments presented herein and in its Memorandum in Support of Summary Judgment that it is entitled to a grant of summary judgment.

**D)  The plaintiff's claim of constructive discharge is due to be dismissed for her failure to administratively exhaust same.**

The plaintiff has not offered any additional caselaw in support of her position. The defendant submits on the basis of its citations and factual averments presented in its Memorandum in Support of Summary Judgment that it is entitled to a grant of summary judgment.

---

[2] The plaintiff cites to pp. AR-151 and AR-154 in support of her contention that Maj. Wilson was aware of her protected expressions at the time she and Maj. Wilson first met. These excerpts are from a declaration of Ms. Deb Root and do not, in any way, establish that Maj. Wilson was aware of the protected expressions prior to the time he asserts.

> **E)** **The plaintiff's claims of constructive discharge, even if properly exhausted must fail because the plaintiff has not produced substantial evidence that her working conditions were "so intolerable that a reasonable person in her position would have been compelled to resign."**

The plaintiff has not offered any additional caselaw or presented any additional pieces of substantial evidence in support of her claim of constructive discharge. The defendant submits on the basis of its citations and factual averments presented in its Memorandum in Support of Summary Judgment that it is entitled to a grant of summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is due to be and should be affirmed with the costs of the litigation taxed to Plaintiff.

Respectfully submitted this the 9th day of February, 2007.

>                                    LEURA G. CANARY
>                                    United States Attorney
>
>                               By: s/R. Randolph Neeley
>                                    R. RANDOLPH NEELEY
>                                    Assistant United States Attorney
>                                    Bar Number: 9083-E56R
>                                    Post Office Box 197
>                                    Montgomery, AL  36101-0197
>                                    Telephone No.: (334) 223-7280
>                                    Facsimile No.: (334) 223-7418
>                                    E-mail: rand.neeley@usdoj.gov

Of Counsel:

ARTHUR G. KIRKPATRICK
Major, United States Air Force, Trial Attorney
General Litigation Division
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209-2403

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Plaintiff's attorney, Joseph C. Guillot, Esquire.

                                                s/R. Randolph Neeley
                                                Assistant United States Attorney