IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIDGET DALE, | ] | |
|     Plaintiff, | ] | |
| | ] | |
|     v. | ] | CIVIL ACTION 2:05-CV-1179-T |
| | ] | |
| MICHAEL W. WYNNE, | ] | |
| SECRETARY OF THE AIR FORCE, | ] | |
|     Defendant. | ] | April 6, 2007 |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on April 5, 2007, wherein the following proceedings were held and actions taken:

**1.    PARTIES AND TRIAL COUNSEL:**

    **Plaintiff**:                    Bridget Dale

    **Plaintiff's Counsel:**     Joseph C. Guillot, Esquire
                                       McPhillips Shinbaum, L.L.P
                                       516 South Perry
                                       Montgomery, Alabama 36104

    **Defendant:**             Michael Wynne, Secretary of the Air Force

    **Defendant's Counsel:**   R. Randolph Neeley, Esquire
                                       Assistant U. S. Attorney
                                       One Court Square
                                       Montgomery Alabama 36104

                                       James J. Dubois, Esquire
                                       Assistant U. S. Attorney
                                       One Court Square
                                       Montgomery Alabama 36104

    **COUNSEL APPEARING AT PRETRIAL HEARING:**

    **Plaintiff:**                    Same as Trial Counsel

    **Defendant:**             R. Randolph Neeley

**2.      JURISDICTION AND VENUE:**

This court has jurisdiction of this case based on the Rehabilitation Act, 29 U.S.C. §501, *et. seq*.

**3.      PLEADINGS:**

Plaintiff's Complaint

Defendant's Answer

**4.      CONTENTIONS OF THE PARTIES:**

**(a)     Plaintiff's Contentions**

**Disability Discrimination**

1.  Lt Col Sykes regarded Plaintiff as being limited in her ability to perform in her position due to her overweight condition, even though Ms. Dale was not limited in any way due to her physical condition. The manner in which Sykes treated her shows that Ms. Dale was regarded as being so limited.

2.  The Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq,* states, as a general rule, no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. §12112(a) The term "disability" includes, with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual; . . . or being regarded as having such

an impairment." 42 U.S.C. §12102(2)(a)

3. One can be regarded as disabled if an impairment is perceived as substantially limiting in the performance of a major life activity, or if one has no impairment but is erroneously perceived as having an impairment which substantially limits a major life activity. 29 C.F.R. §1630.2(l). *Lester v. John Ashcroft*, Department of Justice, Agency. Appeal No. 01A01812 Agency No. P-95-8745 Hearing No. 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X, August 8, 2002.

4. The actions taken against Ms. Dale by Lt. Col. Sykes show she treated Ms. Dale in a discriminatory manner due to a perception of disability:

   a. telling Ms. Dale she was sick and tired of GS employees sitting around "fat, dumb and happy," while looking directly at Ms. Dale;

   b. regularly scolding Ms. Dale in business meetings;

   c. bypassing Ms. Dale by communicating directly with and tasking her subordinates with assignments, thereby undermining her authority;

   d. ordering Ms. Dale to solve a management problem in a particular manner, instead of allowing her to decide how to solve the problem;

   e. placing subordinate Mr. Paul Lewis in a position without discussing it with the Ms. Dale;

   f. blocking Ms. Dales requested transfer by denying a swap with another employee, and

   g. referring to Ms. Dale as "incompetent," when in fact she had an excellent record as Business Flight Chief for thirteen (13) years.

**Retaliation**

5. Ms. Dale suffered retaliation/harassment as a result of filing her disability discrimination Complaint.

6. In order to establish a *prima facie* case of discrimination for an allegation of reprisal, Plaintiff must show: (1) that she engaged in prior protected activity, e.g., participated in a discrimination proceeding; (2) that the responsible management official was aware of the protected activity; (3) that she was subsequently disadvantaged by an adverse action; and, (4) that there is a causal link between the protected activity and the adverse employment action. *Hochstadt v. Worcester Foundation for Experimental Biology, Inc*., 425 F. Supp. 318 , 324 (D. Mass), affirmed. 545 F.2d 222 (1st Cir. 1976); see also *Mitchell v. Baldridge,* 759 F.2d 80 , 86 (D.C. Cir. 1985).

7. Ms. Dale filed a Complaint of disability discrimination against the Agency. Then, in the first meeting between Ms. Dale and Maj. Wilson, on January 13, 2003, Maj. Wilson's actions and attitude toward Ms. Dale were totally unexplainable, absent retaliation. The only reason Ms. Dale can think of for his actions toward her is retaliation for her EEO Complaint.

8. Major Wilson was aware of Ms. Dale's complaint. Major Wilson denies he was aware of the Complaint before Ms. Dale told him in January 2003. However, Ms. Janet Stephens, Secretary, and Ms. Deb Root, Deputy Chief of Services Division, both noted that an EEO representative spoke with Maj. Wilson earlier and may have spoken with him about Ms. Dale's Complaint. That would have been prior to January 6, 2003, which was prior to the first meeting Wilson had with Ms. Dale on

January 13, 2003.

9. A causal connection is found as to the retaliatory actions of Maj. Wilson and the close proximity in time when Maj. Wilson found out about Ms. Dale's Complaint of discrimination.

10. The actions of Maj. Wilson were sufficiently pervasive and adverse to rise to the level of retaliation.

11. Major Wilson retaliated against Ms. Dale in the following manner:

   a. He treated Ms. Dale harshly in his first meeting with her, and thereafter for the three months she worked for him,

   b. would not allow her to manage her organization,

   c. would not allow her to discipline a subordinate,

   d. told Ms. Dale's peer managers he would be the approving official for anything Ms. Dale did,

   e. told another manager he could not wait to write Ms. Dale's appraisal so he could hold her accountable, and

   f. would not communicate with Ms. Dale or would communicate with her through her subordinates.

12. For a senior civilian manager to be treated in such a manner reduced her status among her peers and was a great embarrassment to Ms. Dale. It also impacted on her effectiveness with her subordinates.

**Constructive Discharge**

13. Ms. Dale's constructive discharge claim was merely the end result of the retaliation

    against her by the Agency. Ms. Dale resigned because she was mentally exhausted and felt totally useless. She was not allowed to do the job she had done for twenty-nine (29) years. Ms. Dale was forced to resign because she could not continue to work under the conditions in which she was forced to work, as a direct result of the retaliation she suffered in her employment.

  **Damages**

14. Ms. Dale seeks to be allowed to retire from her civil service position. She also seeks back pay, reimbursement for the leave she had to use due to the discriminatory treatment and retaliation, reimbursement for out of pocket medical expenses, compensatory damages for mental anguish and attorney's fees.

**(b) The Defendant's Contentions:**

Defendant contends:

1. The Plaintiff cannot establish a prima facie case of discrimination in violation of the Rehabilitation Act.

  a) Plaintiff cannot demonstrate that she was regarded as having an impairment covered by the Rehabilitation Act.

  b) Plaintiff cannot demonstrate that she was perceived to be substantially limited in her ability to perform a major life activity.

  c) Plaintiff cannot demonstrate that she was treated differently from any other similarly situated person at least in part on the basis of a perceived disability.

2. The Plaintiff cannot establish a prima facie case of hostile environment

    discrimination under the Rehabilitation Act.

    a) Plaintiff cannot demonstrate that she was subjected to unwelcome harassment on the basis of her alleged disability because she did not belong to a protected group.

    b) Plaintiff cannot demonstrate that she was subjected to a hostile environment based on her perceived disability as she cannot demonstrate that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

    c) Plaintiff cannot demonstrate that she was subject to unwelcome harassment.

3. Plaintiff cannot demonstrate a prima facie case of hostile work environment based upon retaliation.

    a) Plaintiff cannot demonstrate that she was subjected an adverse employment action.

    b) Plaintiff cannot demonstrate a causal link between the protected expression and the adverse action.

    c) Even if the Plaintiff's allegations are taken as completely true, they fail to rise to the level of a hostile work environment.

4. Plaintiff's claim of constructive discharge is due to be dismissed for her failure to administratively exhaust same.

5. Regarding her claim of constructive discharge, the plaintiff cannot demonstrate that

        her working conditions were so intolerable that a reasonable person in her position would have been compelled to resign.

6.    As to each and every fact upon which the plaintiff claims to have been discriminated and/or retaliated against, the relevant decision - maker / employee of the defendant, had legitimate non-discriminatory and / or non -retaliatory reasons for its actions.

7.    Defendant did not discriminate against the plaintiff based upon any perceived disability.

8.    Defendant did not retaliate against the plaintiff for any complaints of discrimination that she filed with the agency and / or in any court of law.

9.    Plaintiff cannot show that Defendant's legitimate, non-discriminatory reasons for its actions are a mere pretext for disability discrimination.

10.    Plaintiff cannot show that Defendant's legitimate, non-discriminatory reasons for its actions are a mere pretext for retaliation.

11.    Plaintiff has failed to mitigate any damages she may claim.

12.    Plaintiff's claims are barred as the result of her voluntary resignation from employment with Defendant.

13.    Defendant denies that Plaintiff is entitled to the recovery of any damages, of any type.

5.    **STIPULATIONS BY AND BETWEEN THE PARTIES:**

The parties have not presently entered into any stipulations of fact. They are encouraged to do so and to file with the Court any stipulations on or before May 9, 2007.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last three (3) days, are set for July 23, 2007 at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama, Courtroom 2FMJ;**

**(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;**

**(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge so each will have a set of the exhibits;**

**(4) Trial briefs are required to be filed by July 18, 2007;**

**(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 11) entered by the court on April 6, 2006; and**

**(6) All understandings, agreements, deadlines, and stipulations contained in this Pretrial order shall be binding on all parties unless this Order be hereafter modified by Order of the court.**

**DONE, this the 6th day of April, 2007.**

               /s/ Myron H. Thompson
             **UNITED STATES DISTRICT JUDGE**